Thomas v. Howe.

---

---

WILLIAM THOMAS v. EBENEZER HOWE.

*Evidence.   Exchange.   Warranty.*

In an action to recover the difference which the defendant agreed to pay the plaintiff in an exchange of oxen, where the sole defence was a warranty by the plaintiff, it was *held,* that it was not competent for the defendant to prove that his oxen were worth more, at the time of the agreement to exchange than the plaintiff's oxen were, taking into consideration the diseased condition of one of the plaintiff's oxen.

THIS was an action of general *indebitatus assumpsit.* Plea, general issue and trial by jury, April Term, 1865, BARRETT, J. presiding.

Thomas *v*. Howe.

The plaintiff gave evidence tending to show that about the 28th day of April, 1863, he and the defendant made an agreement to exchange oxen, by the terms of which the defendant agreed to pay the plaintiff six dollars per hundred pounds for the difference between the live weight of the plaintiff's and the defendant's oxen. That the plaintiff's oxen weighed 3670 lbs., and the defendant's oxen 2900 lbs. That the defendant, though requested, had not paid said difference, or any part thereof—and rested his case. The sole defence was the warranty next stated.

The defendant gave evidence tending to show that at the time of the agreement to exchange oxen, the plaintiff, as part of the agreement, warranted his oxen to be *good workers*, and that he would guarantee them to be all right and nice every way. He also gave evidence tending to show that one of said oxen was diseased and unsound, and so much so, that by reason thereof the defendant's damages were equal to the difference in the weight of the plaintiff's and the defendant's oxen. The defendant offered to prove in this connection that his, the defendant's oxen, were, in point of fact, worth more, at the time of the agreement for exchange, than the plaintiff's oxen were, taking into consideration the diseased condition of one of the plaintiff's oxen.

This evidence was objected to by the plaintiff, and was excluded by the court, and the defendant excepted.

The court charged the jury in a manner to which no exception was taken. The jury returned a verdict for the plaintiff.

*George Howe*, for the defendant.

*A. Stoddard*, for the plaintiff.

The opinion of the court was delivered by

WILSON, J. This is an action of *assumpsit*, and the exceptions present the single inquiry whether the testimony offered by the defendant, to prove the value of the oxen which the plaintiff had of the defendant, was properly excluded by the county court. It is a well established rule of law that the evidence offered must correspond with the allegations and be confined to the point in issue. This rule supposes the allegations to be material and necessary, and it excludes all evidence of collateral facts, or those which are incapable of affording any reasonable presumption or inference as to the principal

fact or matter in dispute. The defendant claimed, and his testimony tended to prove, that at the time of the agreement to exchange oxen, the plaintiff as part of the agreement warranted his oxen. This was the only defence in the case. The points in the issue were the warranty, the breach of it, and the damages resulting thereupon. The testimony rejected by the county court did not, upon any principle tend to prove any point in the defence. It was evidently offered upon the question of damages, but upon this point the defendant could recover only the difference between the value of the property, and its value if it had been sound as warranted, and this question did not depend, in any respect, upon the value of the other oxen. We think the case stands, in respect to the grounds of defence, and as to the relevancy of testimony, the same as if the defendant had commenced an action upon the warranty for the recovery of damages. It is urged by the defendant's counsel that in this form of action the plaintiff can in no case recover more than he is in equity and good conscience entitled to. The relevancy of testimony is generally determined by the issue claimed in the action, and not by the form of the action. In *Brown* v. *Sayles*, 27 Vt. 227, cited by the counsel, the value of the wagon was an essential part of the contract, and directly in issue, and the doctrine of that case does not support the defendant's exception.

The judgment of the county court is affirmed.